## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-CV-4159-JPG |
| DR. DOUGLAS DEBENHAM, | ) ) ) | |
| Defendant. | ) ) | |
| DR. DOUGLAS DEBENHAM, | ) ) ) | |
| Counter-Plaintiff | ) ) | |
| v. | ) ) | |
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Counter-Defendant | ) ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff/Counter-Defendant Country Mutual Insurance Company's ("Country Mutual") Motion to Strike and Dismiss Counterclaim (Doc. 6). Defendant Counter-Plaintiff Dr. Douglas Debenham ("Debenham") has responded to Country Mutual's motion (Doc. 8). For the following reasons, Country Mutual's motion will be **DENIED**.

Country Mutual argues that the Court should strike the portion of Debenham's counterclaim praying for an award of attorney's fees because he failed to cite a contract provision or provision of the Illinois Insurance Code entitling him to such relief. In its motion, Country Mutual does not

attack the merits of the claim itself, but only one facet of the requested relief. As such, his arguments under Rule 12(b)(6) are misplaced. After reviewing the briefs, the Court believes that Country Mutual's request more properly falls within the purview of Rule 12(f). Under 12(f) upon a motion or upon its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (discussing Rule 12(f) and stating that "[C]ourts should not tamper with pleadings unless there is a strong reason for so doing."). Also, mere immateriality is not sufficient to justify striking an allegation—the allegation must also be shown to be prejudicial to the moving party. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992); *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997); *Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999). The burden on a motion to strike is upon the moving party. *Talbo*t, 961 F.2d at 664; *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs*., 2 F.Supp.2d 1028 (N.D.Ill. 1998). As Country Mutual has failed to meet its burden of showing that Debenham's claim for attorney's fees is prejudicial, the Court **DENIES** its motion. To the extent it believes this prayer is prejudicial, Country Mutual may file a motion to strike under Rule 12(f) if it so chooses.

## CONCLUSION

Country Mutual's motion (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: April 17, 2006.**

    **/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**U.S. District Judge**